UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM ROBERT GRIESSER, et al., | ) | CASE NO. 1:06 CV 2690 |
| | ) | |
| Plaintiffs, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF AVON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 7, 2006, plaintiff pro se William Robert Griesser filed the above-captioned action under 42 U.S.C. § 1983 on behalf of himself, as well as Kathleen Griesser, Jessica Griesser and Ashley Griesser, against the City of Avon Ohio, the Avon Police Department, Lorain County Prosecutor Dennis P. Will, Lorain County Common Pleas Court Judge Thomas Janas, Avon Police Detective Krugman, Avon Police Detective Bosley, Avon Patrolman Bergen, Avon Patrolman Elias, Avon Patrolman Steit, and Avon Patrolman Olds. In the complaint, plaintiffs allege that the defendants violated their constitutional rights during an investigation which led to an indictment against William Griesser, Kathleen Griesser, and the business entities which they operated. They seek unspecified monetary damages. Plaintiffs also filed an Application to Proceed In Forma Pauperis. That Application is granted.

### *Background*

Mr. Griesser indicates that in 1996, while maintaining employment as an engineering consultant at Bailey Controls, he established Griesser Consulting, Inc ("Griesser Consulting") which he operated from his home. He contends he lost his employment with Bailey Controls in 1999, and shortly thereafter, established a residential cleaning company as a division of Griesser Consulting entitled A-1 Cleaning of Avon ("A-1 Cleaning"). In 2004, he launched an automobile detailing business as another division of Griesser Consulting, known as Griesser Auto Detailing ("Griesser Auto"). Both A-1 Cleaning and Griesser Auto also operated out of Mr. Griesser's home. Mr. Griesser opened a used automobile dealership in 2005, again as a division of Griesser Consulting. This business, Lakeshore Auto Sales maintained an address on Center Ridge Road; however, Mr. Griesser indicates that a few vehicles may have been sold from his residence.

In December 2004, prospective patron Cara Swanson indicated that she was interested in purchasing a 1997 Saturn SL2 automobile to which Griesser Consulting held title. She arrived at Mr. Griesser's residence on December 8, 2004 accompanied by Patrolman Bergen. Officer Bergen questioned the accuracy of the reading of the car's odometer. Mr. Griesser claims he informed the officer that the instrument cluster, which includes the odometer, had been replaced due to previous water damage to the car. He indicates he told the officer that other parts of the car had also been replaced and that he could produce receipts from the salvage yards for the purchase of the used parts. Mr. Griesser contends that the Officer opened the car's door, without his permission, and examined the mileage on the odometer. The Officer stated that the vehicle should clearly display a sticker indicating that the vehicle's odometer had been replaced. He was asked to produce the title to the car. Mr. Griesser claims he fully cooperated with the Officer's request.

The following day, December 9, 2004, Avon Police returned with a search warrant

for the Griesser home. Mr. Griesser states that during the search, he was tackled by Avon police officer Bergen and another officer and pinned to the floor. He claims his lower back "popped" rendering him unable to walk. He contends he also sustained injuries to his lower jaw and teeth, and had lacerations from being pulled by the handcuffs. Mr. Griesser states "this event also triggered an episode of chronic depression which impaired his judgment and the lower back injuries prevented Mr. Griesser from working more than part time for 2005." (Compl. at 3.) Mr. Griesser was arraigned in the Avon Lake Municipal Court on December 28, 2004. The case was bound over to the Lorain County Court of Common Pleas, Case No. 04 CR 066874, and an indictment was filed on January 26, 2005 charging him with assault on a police officer, obstructing official business and resisting arrest.[1] That case was consolidated with subsequent criminal actions filed against Mr. and Mrs. Griesser and is currently pending resolution.

Mr. Griesser also challenges the validity of the search warrant and contends that all evidence obtained by this search is "fruit of the poisonous tree." (Compl. at 4.) He claims that based on his conversation with Officer Bergen regarding the replacement of the odometer on the Saturn, there was no probable cause to support a search of his home. He further states that the original search warrant only permitted officers to search for and seize records related to the 1997 Saturn SL2. He claims that the officers confiscated materials not listed on their search warrant, including files pertaining to other vehicles owned by Griesser Consulting, business records, computers and checkbooks associated with A-1 Cleaning of Avon, automotive tools, and detailing equipment. He states that the loss of these items made it difficult for him to operate his businesses.

---

[1] See www.loraincountycpcourt.org for the Lorain County Common Pleas Court dockets. The dockets were used solely to assist the court in sorting out the myriad of criminal charges filed against William Griesser, Kathleen Griesser, and the businesses they operated.

He claims a second search warrant was presented to him on December 10, 2004, the day after the search. This second warrant, dated December 9, 2004, was revised to permit the officers to confiscate materials pertaining to Mr. Griesser's other businesses. He claims the warrant was sought to "cover up their mistakes." (Compl. at 4.) Mr. Griesser filed a Motion to Suppress the items seized. Judge Thomas Janas denied the Motion.

Additional indictments were filed in the Lorain County Court of Common Pleas on November 2, 2005 in Case Nos. 05CR069172 and 05CR069177 against Mr. Griesser, Griesser Consulting, and Lakeshore Auto Sales charging them each with 3 counts of tampering with records, 2 counts of tampering with an odometer, and 2 counts of transferring a vehicle with a tampered odometer. Other indictments were filed on November 17, 2005 against Mr. Griesser, Griesser Consulting, and Lakeshore Auto Sales charging them each with 8 counts of forgery as defined in Ohio Revised Code § 2913.31(A)(3), one count of forgery as defined in Ohio Revised Code § 2913.31(A)(2), 7 counts of tampering with evidence, 7 counts of tampering with records, engaging in a pattern of corrupt activity as defined in Ohio Revised Code § 2924.43(A)(2), engaging in a pattern of corrupt activity as defined in Ohio Revised Code § 2924.43(A)(3), and conspiracy. These indictments were filed in Case Nos. 05CR069297 and 05CR069298.[2] Bond was set at $250,000.00 on November 23, 2006 and was conditioned on Mr. Griesser not engaging in any activity involving the transfer of motor vehicle titles. Mr. Griesser posted bond and was released that same day.

Mr. Griesser then "formed a partnership with Daniel Herring and Gilbert Merrill in which Mr. Griesser was hired as a salesman for Mr. Herring's new auto business 'U-Can-Rent.'" (Compl. at 8.) He contends that their employment agreement specifically stated that Mr. Griesser

---

[2] See www.loraincountycpcourt.org

would have no involvement with the transfer of automobile titles. On January 17, 2006, Mr. Griesser was showing a 1993 Mercury Topaz titled in Mr. Herring's name. The prospective purchaser, however, was an undercover police officer. The officer went for a test drive and then tendered $ 1,500.00 for purchase of the vehicle. Mr. Griesser gave the officer the title which contained Mr. Herring's notarized signature. He claims that although he did not transfer the title, he was arrested and charged with violating the terms of his bond. A bond revocation hearing was held on January 25, 2006 during which bond was set in Case No. 05CR069298 at $ 500,000.00 cash, in Case No. 05CR068346 at $36,000.00 cash, and in Case No. 05CR069172 at $ 50,000.00 cash. The terms of the bonds were also modified to reflect that Mr. Griesser was prohibited from engaging in any activity involving the transfer of motor vehicle titles, including activity in his personal capacity or as an employee in connection with the sale of motor vehicles. Mr. Griesser contends that he did not violate the condition of his original bond and claims the new restriction was placed on him to "cover up [his] wrongful incarceration." (Compl. at 9.) The court consolidated all of Mr. Griesser's criminal charges into one case. All criminal charges are currently pending.

Mr. Griesser alleges that the Avon Police confiscated numerous personal and business assets in violation of the Fourteenth Amendment. He claims that the seven vehicles titled in Mr. Merrill's name were stored at a furniture auction which Mr. Merrill operated. Mr. Griesser admits that he had a financial interest in the vehicles because he and Mr. Merrill were partners, but contends that these vehicles did not have problematic titles or odometers. He further states that multiple vehicles titled in his name or in the name of one of his businesses were seized by Avon Police without a warrant. He indicates that all of his assets have been frozen by the court, causing his businesses to close and financially devastating his family.

Finally, Mr. Griesser disputes another action which may be brought against him for welfare fraud. He states that in 2001, he applied for "family health insurance through Medicaid." (Compl. at 15.) He indicates it was his understanding that the criteria for Medicaid was based only on income, and not on the value of personal assets. The Griesser family received Medicaid from 2001 to 2005 when a Lorain County Jobs and Family Services caseworker notified Mr. Griesser that his income exceeded the participation criteria. He indicates that in June 2006, Detective Krugman informed him that charges would be filed against him for welfare fraud. Mr. Griesser claims that the Avon police "have made it their business to investigate all aspects of the Griesser's life." (Compl. at 15.) He claims that this information has no ties to his automobile title case, and therefore exceeded the scope of the search warrants. It is not clear whether a criminal or civil action has actually been filed on this matter.

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is

---

[3] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

dismissed pursuant to §1915(e).

Although Mr. Griesser identifies Kathleen Griesser, Jessica Griesser and Ashley Griesser as additional plaintiffs, the complaint contains only his signature.  In general, a party may plead and conduct his or her case in person or through a licensed attorney.  See 28 U.S.C. § 1654; Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991).[4]  An adult litigant who wishes to proceed pro se must personally sign the complaint to invoke this court's jurisdiction.  See 28 U.S.C. § 1654; Steelman v. Thomas, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). A minor child must appear through counsel and cannot be represented by a non-attorney, even if the non-attorney is the child's parent.  Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986); Lawson v. Edwardsburg Public School, 751 F.Supp. 1257 (W.D. Mich. 1990).  Only Mr.Griesser's signature appears on the pleading.  There is no indication that Mr. Griesser is a licensed attorney authorized to represent the remaining plaintiffs.  Consequently, the only claims properly before this court are those of William Griesser.   This court will address only those claims.

Most of Mr. Griesser's claims are asserted against the Avon Police Department. Police Departments are not sui juris and therefore cannot sue or be sued.  Jones v. Ptl. D. Marcum, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); Williams v. Dayton Police Dept., 680 F. Supp. 1075 (S.D. Ohio 1987).  See also Messer v. Rohrer, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997).  They are merely sub-units of the municipalities they serve.  Id.  In this case, the municipality they serve is the City of Avon.

---

[4]   28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

Mr. Griesser has also named the City of Avon as a defendant. Section 1983 does not permit a plaintiff to sue a local government entity on the theory of respondeat superior. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 692- 94 (1978). A plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. Id. A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. Id. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Avon which may have resulted in the deprivation of a federally protected right of the plaintiff.

Similarly, the Lorain County Prosecutor, Dennis P. Will cannot be sued under §1983 for the actions of one of his assistant county prosecutors. Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act or upon right to control employees. Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisor must have actively encouraged the specific misconduct or in some way directly participated in it. See Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Again, the complaint contains no suggestion that Mr. Will personally encouraged, acquiesced in, or directly participated in the conduct described in the complaint.

In fact, there are very few allegations against the Lorain County Prosecutor's office in general. Mr. Griesser alleges that the prosecutor's office participated in freezing his family's assets which has resulted in "financial devastation" and destruction of his credit. (Compl. at 12.)

8

He does not identify any particular constitutional right he believes to have been violated by this defendant. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Furthermore, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his claims against the prosecutor's office in this § 1983 action.

Moreover, the allegations in the pleading which could reasonably be attributed to the prosecutor's office all concern decisions made in the presentation and prosecution of the state's case. These allegations cannot form the basis for civil liability against the prosecutor or any of his assistants. Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best

professional judgment both in deciding which suits to bring and in conducting them in court. Skinner v. Govorchin, No. 05-2458, 2006 WL 2661092, at *6-7, slip op.(6th Cir. Sept. 18, 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. Id. These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the attribution of improper and malicious actions to the State's attorney. Imbler, 424 U.S. at 424-25; Skinner, No. 05-2458, 2006 WL 2661092, at *6-7. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." Spurlock v. Thompson, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." Id. at 431; Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir.2002). In this instance, the allegations in the complaint which could conceivably be attributed to the prosecutor's office were all intimately associated with the judicial phase of Mr. Griesser's on-going prosecutions. Consequently, the prosecuting attorney is entitled to absolute immunity.

In addition, Judge Janas is also absolutely immune from civil suits for money damages. Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. Barnes, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two limited situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Mireles, 502

10

U.S. at 11-12; Barnes, 105 F.3d at 1116.  Stump, 435 U.S. at 356-57.  A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.  Mr. Griesser contends that Judge Janas would not permit "the Griesser's the financial means to legally represent themselves" by permitting the seizure of assets, caused them financial devastation, and facilitated an "unfair process by [the] court." (Compl. at 12.)  He also alleges that Judge Janas unconstitutionally modified his bond condition.  If these allegations are true, Mr. Griesser can raise these arguments in the course of his criminal trial and, if necessary, on appeal of his conviction.  He does not have recourse against the judge for damages under 42 U.S.C. §1983.

Avon Police Detective Bosley, Avon Patrolman Elias, Avon Patrolman Steit, and Avon Patrolman Olds  are not mentioned in the body of the complaint.  A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

Finally, even if all of the defendants were proper parties to this action, the claims asserted by Mr. Griesser would have to be dismissed.  All of the allegations in this pleading concern matters which are directly at issue in the criminal actions pending against Mr. Griesser.  In general, a claim is not cognizable under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of a conviction, unless the conviction has been set aside.  See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994).  The concerns of Heck apply pre-conviction as well as post conviction.  Shamaeizadeh v. Cunigan, 182 F.3d 391, 398 (6th

11

Cir. 1999); see <u>Gorenc v. City of Westland</u>, No. 02-2456, 2003 WL 21782610 (6th Cir. July 31, 2003)(finding plaintiff's pre-trial challenge under §1983 to a speeding ticket is barred by <u>Heck</u> because it would necessarily imply the invalidity of the traffic citation); <u>Adams v. Morris</u>, No. 03-5413, 2004 WL 193219 (6th Cir. Jan. 29, 2003)(holding that plaintiff's § 1983 challenge to the effectiveness of his trial counsel while the state criminal proceedings were still pending to be barred by <u>Heck</u>). <u>Heck</u> precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. <u>Gorenc</u>, No. 02-2456, 2003 WL 21782610 at * 2; <u>Beck v. City of Muskogee Police Dep't</u>, 195 F.3d 553, 557 (10th Cir. 1999). Mr.Griesser's claims are not cognizable under § 1983 unless the state criminal proceedings are resolved in his favor.

## *Conclusion*

Accordingly, plaintiffs' Application to Proceed <u>In Forma Pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

                                              /s/Dan Aaron Polster 1/16/07
                                              DAN AARON POLSTER
                                              UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.